UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ROBERT W. DURHAM, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:11-cv-00986 |
| v. | ) | |
| | ) | Judge Sharp |
| CITY OF CLARKSVILLE, TENNESSEE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is Defendant City of Clarksville, Tennessee's ("Clarksville's" or "Defendant's") motion to dismiss all claims asserted by Plaintiff Robert W. Durham ("Durham" or "Plaintiff") in this action (Docket No. 11), to which Plaintiff has filed a response (Docket No. 18) and Defendant has filed a reply (Docket No. 21). For the reasons stated herein, the Court will grant Defendant's motion.

## FACTS

Plaintiff, a police officer employed by the city of Clarksville, Tennessee, brought this action asserting claims against his employer under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, other federal civil rights laws (42 U.S.C. §§ 1981 and 1983), the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 *et seq.*, and the Tennessee Disability Act ("TDA"), Tenn. Code Ann. § 8-50-103.[1] He suffers from permanent memory damage due to prolonged dialysis before a renal

---

[1] Unless otherwise noted, the facts are drawn from Plaintiff's complaint (Docket No. 1) and documents referred to therein. *See infra* n. 4.

1

transplant and alleges that his employer of fourteen years discriminated against him due to this disability.

In June 2009, after having been promoted up the ranks from police officer to detective to sergeant over the preceding five years, Plaintiff asked his supervisors for accommodations to reduce the police report inaccuracies caused by his memory problems. Specifically, he proposed three accommodations: he and his partner would check each other's reports for accuracy; he would check his reports against the "briefing room book," and he would spend ten to fifteen minutes at the end of each shift reviewing reports with intelligence analysts. Defendant denied the request, separating Plaintiff and his partner, refusing to let him consult the briefing room book, and forbidding him from working unreported overtime at the end of shifts. In December 2009, Plaintiff was demoted back to detective because of continued inaccuracies in his police reports.[2]

On December 3, 2010, Plaintiff filed his first of two Equal Employment Opportunity Commission ("EEOC") Charges. He alleged, in pertinent part:

> I am being subjected to a hostile work environment, where I am being harassed daily. On January 4, 2010, the above-named employer demoted me from Sergeant to Detective. Joe Mishoe, Sergeant, stated I was acting like an employee whom [*sic*] was at the time under Federal Indictment and later convicted of crimes. In addition, there has never been a Sergeant demoted from my department, in fact I advised my supervisors of my disability and requested on three occasions for a reasonable accommodation, which were [*sic*] denied.

The form indicated that disability discrimination took place from January 1, 2010, to November 29, 2010, and was continuing. After his demotion, Plaintiff noticed dozens of other reports containing inaccuracies and omissions, and he discussed these with his colleagues and a supervisor. He was accused of misusing agency time to compile a list of

---

[2] In his Complaint, Plaintiff alleged that he was demoted "on approximately November 29, 2010," but both parties now agree that he was demoted on December 29, 2009. *See* Docket No. 18, at 4.

2

report mistakes, which he denied, and was told by Chief Alonzo Ansley that he would not have been demoted if he had properly handled a disciplinary situation involving one of his subordinate officers. On November 29, 2010, Plaintiff was berated, reprimanded, and threatened by a police captain when Plaintiff reported omissions in a police report he had been given.[3] The captain said he "had better not hear" Plaintiff "complaining" in that manner again, noting that Plaintiff "had been warned about this before." On another occasion, the captain told him, "You will not be allowed to poison my Criminal Investigations Division."

Plaintiff filed a second EEOC Charge on September 13, 2011. In it, he alleged that he had been subjected to retaliation, writing in pertinent part:

> I am an individual with a disability who requested reasonable accommodations from the Respondent which were not granted. I filed charge number 846-2010-79894 regarding disability discrimination on December 3, 2010. I believe that in retaliation for my requesting an accommodation I was demoted from Sergeant to Detective on November 29, 2010 [*sic*]. I was passed over for promotion in April, 2011 and July, 2011 in retaliation for filing a prior charge.

Contradicting the April and July 2011 allegations in the narrative section of the Charge, Plaintiff wrote that discrimination only took place on November 29, 2010.

With regard to the first Charge, Plaintiff received an EEOC Dismissal and Notice of Rights letter on July 14, 2011. With regard to the second Charge, he sought and received a Notice of Right to Sue from the U.S. Department of Justice on December 1, 2011, while this lawsuit was pending.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require Plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). In

---
[3] The Complaint does not allege that the police captain was threatening Plaintiff with physical violence.

3

deciding a motion to dismiss under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The court must assume that all of the factual allegations are true, even if they are doubtful in fact. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[4] In contrast, legal conclusions are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Generally, a complaint does not need to contain "detailed factual allegations," although its allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Blanket assertions" or a "formulaic recitation of the elements of a cause of action" are not sufficient. *Twombly*, 550 U.S. at 555, 556 n.3. In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The factual allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949-50. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. "In the context of Section 1983 municipal liability, courts have interpreted *Iqbal*'s standards strictly." *Hutchison v. Metro. Gov't*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2009); *Maness v. Boston Scientific*, 751 F. Supp.

---

[4] The Court may, however, consider certain matters not within the four corners of the pleadings. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) ("[A] defendant may introduce certain pertinent documents if the plaintiff fails to do so. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied.") (internal citations omitted). Additionally, "a court may consider public records without converting a Rule 12(b)(6) motion into a Rule 56 motion." *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (citing *Passa v. City of Columbus*, 123 Fed. Appx. 694, 697 (6th Cir. 2005) ("[I]n order to preserve a party's right to a fair hearing, a court, on a motion to dismiss, must only take judicial notice of facts which are not subject to reasonable dispute.")).

2d 962, 966 (E.D. Tenn. 2010) (explaining that *Twombly* applies to state-law claims in federal cases).

## ANALYSIS

Defendant argues that Plaintiff's complaint should be dismissed in its entirety because it fails to state a claim upon which relief can be granted. Specifically, Defendant contends that Plaintiff failed to exhaust his administrative remedies on both his "failure to accommodate" and retaliatory demotion claims. Finally, Defendant argues that Plaintiff has stated no actionable claim for relief—in particular, Plaintiff has not pled facts that would constitute a discrete instance of disability discrimination or a pattern comprising a hostile work environment—under federal or state law. Plaintiff responds that because he is pursuing his claims under a hostile work environment theory, his EEOC Charges were timely filed and properly exhausted. He argues that administrative filings by a non-lawyer should be construed liberally to include all claims reasonably expected to grow out of the EEOC investigation of the charge made, and that Plaintiff's two EEOC Charges put Defendant on notice of a "clear pattern of discrimination, hostile environment and retaliation." (Docket No. 18, at 11).

The Court will review Plaintiff's federal and state law claims in turn.

## I. Federal Claims (ADA, § 1981, § 1983)

### A. Americans with Disabilities Act

Plaintiff's complaint (Docket No. 1) alleges disability discrimination and retaliation in violation of United States and Tennessee law.[5] A claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with

---

[5] Plaintiff sought leave to file an Amended Complaint, but his request was denied as futile by Order of the Magistrate Judge (Docket No. 24). Plaintiff did not appeal the Order.

the EEOC within 300 days of the alleged discrimination. *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 309 (6th Cir. 2000)). "The exhaustion of administrative remedies is a condition precedent to an . . . ADA action." *Williams v. Nw. Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir. 2002). "A claim is time barred if it is not filed within these time limits." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). Plaintiff's first potentially cognizable harm—the Clarksville Police Department's failure to accommodate his disability in June 2009—was not properly exhausted at the administrative level as required by 42 U.S.C. §§ 12117(a) and 2000e-5(e)(1). Plaintiff signed his first Charge of Discrimination on December 3, 2010, approximately 18 months after Defendant denied his requests for accommodation. (Docket No. 20-1).[6] Because the charge was not filed within the statutory 300-day limitations period, it is time barred; thus Plaintiff failed to exhaust his administrative remedies with respect to his failure to accommodate claim.

The next potentially cognizable harm pled by Plaintiff was his demotion on December 29, 2009. It was first alleged, along with the failure to accommodate claim, in the December 3, 2010, Charge of Discrimination (Docket No. 20-1), in which Plaintiff misidentified the date of his demotion as January 4, 2010. Still, whether it is calculated using either date—December 29, 2009, or January 4, 2010—Plaintiff's first charge was filed after the 300-day period had run. It too is time barred, then. Plaintiff failed to exhaust his administrative remedies with respect to the discrimination he claims he experienced by being demoted after informing his employer about a legally protected disability. *See* 42 U.S.C. § 12112(a).

---

[6] While the charge does not mention a date any failure to accommodate occurred, the date range on the charge is January 4, 2010, to November 29, 2010, which does not in any event encompass a denial of Plaintiff's requests in June 2009.

6

Plaintiff also alleges he was illegally retaliated against in violation of 42 U.S.C. § 12203(a). He contends that retaliatory acts subsequent to administrative filings may be reviewed if they could be reasonably expected to grow out of the scope of his initial charge. *See Weigel v Baptist Hosp. of E. Tenn*, 302 F.3d 367, 379-81 (6th Cir. 2002); (*see also* Magistrate Judge's Order, Docket No. 24 at 5 (collecting cases)). However, "retaliation claims based on conduct that occurred before a charge is filed must be included in that charge." *Spengler v. Worthington Cylinders*, 615 F.3d 481, 489 & 489 n.3 (6th Cir. 2010) (noting that the "scope of the charge" exception does not apply where alleged retaliation occurred before Plaintiff filed an EEOC charge). Accordingly, the Court will look to the second Charge of Discrimination (Docket No. 20-2) filed by Plaintiff, signed September 12, 2011.[7] In it, Plaintiff claimed that he was demoted on November 29, 2010, in retaliation for requesting an accommodation. However, Plaintiff concedes he was demoted on December 29, 2009 (*see* Docket No. 18, at 4), well over 300 days before the second charge was filed (and over 300 days before the first charge was filed, as explained *supra*). To the extent his retaliation claim is based on his demotion, then, it is time barred.[8]

Next, the Complaint includes an allegation that Plaintiff was subjected to a hostile work environment. In his response opposing Defendant's motion to dismiss, Plaintiff argues that the Court should view his "demotion, denial of promotions, and acts of retaliatory harassment" as part of a pattern of conduct constituting a hostile work

---

[7] The Court has also reviewed Plaintiff's "Right to Sue" letters, the second of which was filed while the instant motion was pending. (Docket Nos. 29-1 & 29-2.)

[8] In the second charge, Plaintiff also claimed that he was passed over for promotions on two occasions, April 2011 and July 2011—both within the 300 days before he filed the charge, and thus timely—in retaliation for requesting accommodations. However, Plaintiff did not include these allegations in his Complaint, so they are not presently before the Court. (*See* Docket No. 1).

environment. (Docket No. 18, at 9). This argument is without merit. "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify." *Morgan*, 536 U.S. at 114; *see also Horton v. Potter*, 369 F.3d 906, 910 (6th Cir. 2004) (denial of a request for accommodation by failing to promote is a discrete act); *Austion v. City of Clarksville*, 244 F. App'x 639, 647-48 (6th Cir. 2007) (demotion is a discrete act); *Connor v. City of Jackson*, 669 F. Supp. 2d 886, 891 (W.D. Tenn. 2009) (same). They "occur" on the day they happen, and if a party fails to file a charge relating to a discrete act within 300 days of its occurrence, he "lose[s] the ability to recover for it." *Morgan*, 536 U.S. at 110. It is not possible to convert a time-barred discrete act claim into a hostile work environment claim even if it is related to an act alleged in timely filed charges. *Id.* at 113; *see also Burus v. Wellpoint Cos., Inc.*, 434 F. App'x 475 (6th Cir. 2011) (per curiam). Accordingly, the time barred discrete acts Plaintiff has alleged—specifically, the June 2009 failure to accommodate his disability and his December 2009 demotion—cannot be considered part of his hostile work environment claim.

Nor do the remainder of the allegations in Plaintiff's complaint state a viable claim for hostile work environment. In order to maintain an action for hostile work environment under the ADA, an employee must demonstrate that: (1) he was disabled; (2) he was subject to unwelcome harassment; (3) the harassment was based on his disability; (4) the harassment unreasonably interfered with his work performance; and (5) the defendant either knew or should have known about the harassment and failed to take corrective measures. *Trepka v. Bd. of Educ.*, 28 F. App'x 455, 461 (6th Cir. 2002) (per curiam). The employee must show conduct that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and [to] create an abusive working environment."

8

*See Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993). "Conduct that is 'merely offensive' will not suffice to support a hostile work environment action." *Trepka*, 28 F. App'x at 461 (quoting *Harris*, 510 U.S. at 21).

At this stage of the litigation, Plaintiff is not required to plead detailed factual allegations, but his allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 558). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Id.*

Here, Plaintiff has failed to allege any conduct to establish a hostile work environment that was "based on his disability" and "sufficiently severe or pervasive" to alter the conditions of his employment and create an abusive working environment. He was assigned reports with inaccuracies and omissions. (Docket No. 1, at 4). When he discussed those reports with coworkers and supervisors, he was reprimanded for misusing agency time to compile a list of mistakes and was "covertly threatened." (Docket No. 1, at 5). He was told by Chief Ansley that he would not have been demoted if he had disciplined his subordinate instead of "passing the problem up for someone else to deal with." *Id.* On one occasion, he was berated and demeaned by a supervisor for reporting an error in a police report. (Docket No. 1, at 6). He was told that his supervisor "had better not hear [him] complaining" in such a manner again. *Id.* And he was warned by the same captain, in front of two supervisors, that he would not be allowed to "poison" the

9

division. (Docket No. 1, at 7). None of those statements made any reference to a disability, nor does Plaintiff include any direct or inferential allegations—other than the conclusory allegation that "Defendant's . . . treatment of Plaintiff resulted from a knowing and intentional pattern of discrimination based upon Plaintiff's disability" (Docket No. 1, at 7)—to causally connect his disability to the conduct. *See Iqbal*, 556 U.S. at 681 (a "formulaic recitation if the elements" is "conclusory and not entitled to be assumed true"). The Court finds that Plaintiff has not adequately pled that the conduct was based on his disability.

Even if it were somehow based on his disability, the conduct was not sufficiently severe or pervasive to alter the conditions of his employment. *See Coulson*, 31 F. App'x at 858 (name-calling due to short stature insufficient to create hostile work environment); *Hollins v. Atlantic Co. Inc.*, 188 F.3d 652, 662 (threat to transfer or discharge and lower performance ratings are not materially adverse employment action). Because the objectionable conduct was not sufficiently severe or pervasive to alter the terms and conditions of his employment, and because he has not plausibly alleged that the conduct was based on his disability, Plaintiff has failed to state a claim for hostile work environment discrimination.

**B.     42 U.S.C. §§ 1981 & 1983**

Finally, Plaintiff cannot state a cause of action for relief under 42 U.S.C. §§ 1981 or 1983. Plaintiff, a Caucasian, has not alleged racial discrimination in his Complaint, so he cannot state a claim for relief under § 1981. *See Runyon v. McCrary*, 427 U.S. 160, 168, (1976) ("42 U.S.C. § 1981 prohibits racial discrimination in the making and enforcement of private contracts"). As to § 1983, any claim for relief in Tennessee must

be brought within one year from the date Plaintiff knew or should have known of his injury. *See Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547-48 (6th Cir. 2000). "[T]he pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods." *Lyons v. Metro. Gov't of Nashville & Davidson Cnty.*, 416 F. App'x 483, 491 (6th Cir. 2011)(quoting *Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980)). Defendant's June 2009 failure to accommodate Plaintiff and its December 2009 demotion of Plaintiff occurred more than one year before he filed this action on October 17, 2011 (*see* Docket No. 1), so the statute of limitations bars those claims under § 1983. As discussed *supra*, he has not sufficiently alleged a hostile work environment. Plaintiff, then, has failed to state a claim for deprivation of his civil rights under § 1983.

\* \* \*

Plaintiff's federal discrimination and retaliation claims will be dismissed because they are time barred, given Plaintiff's failure to timely exhaust them at the administrative level. The hostile work environment claim, which cannot encompass the discrete acts of demotion, failure to accommodate, or failure to promote (the latter of which Plaintiff has not alleged in this lawsuit), does not state a claim upon which relief can be granted and will be dismissed. Plaintiff's claims under §§ 1981 and 1983 will likewise be dismissed.

## II. State Claims (THRA and TDA)

Defendant asks this court to dismiss Plaintiff's claims under the Tennessee Human Rights Act ("THRA") and the Tennessee Disability Act ("TDA," formerly "Tennessee Handicap Act"). "The TDA embodies the THRA's rights and definitions." *Goodbar v. Technicolor Videocassette of Michigan, Inc.*, 09-2553, 2010 WL 5464796 (W.D. Tenn. Dec. 30, 2010) (citing *Barnes v.*

*Goodyear Tire & Rubber Co.*, 48 S.W.3d 698, 705 (Tenn.2000)); *see also Whited v. Cmty. Bank of the Cumberlands, Inc.*, 2-08-0061, 2010 WL 605280 (M.D. Tenn. Feb. 18, 2010)(noting that "there is no separate claim of disability discrimination under the THRA"). To state a claim for relief under the TDA, Plaintiff must establish that (1) he was qualified for the position; (2) he was disabled; and (3) he suffered an adverse employment action because of that disability. *Johnson v. Clover Bottom Dev. Ctr.*, No. M2005-01440-COA-R3CV, 2007 WL 283138 (Tenn. Ct. App. Jan. 31, 2007)(citing Barnes, 48 S.W.3d at 705). These claims are analyzed in the same manner as claims brought under the ADA. *Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 553 n. 5 (6th Cir.2008)("Both federal and Tennessee disability discrimination actions require the same analysis.").

Accordingly, the Court's foregoing analysis of the federal claims applies to these claims. Moreover, because the statute of limitations for claims arising under the THRA and TDA is one year, Tenn. Code Ann. §§ 4-21-311(d) & 8-50-103(c)(2), Plaintiff's claims for discrimination and retaliation arising from the alleged June 2009 failure to accommodate and his December 2009 demotion are time barred. As explained *supra* Sec. I, because Plaintiff has not alleged that he suffered a "material and adverse change in the terms and conditions of his employment," *Barnes*, 48 S.W.3d at 707, or that it was causally connected to his disability, he cannot recover under the TDA. Accordingly, his state-law claims will be dismissed.

## CONCLUSION

Accordingly, Defendant's motion to dismiss all of Plaintiff's claims with prejudice is GRANTED.

An appropriate Order shall be entered.

／s/ Kevin H. Sharp
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE